*E. F. Dulin, for appellant.*

---

## ADAMS EXPRESS COMPANY v. WILLIAM A. MILTON.

**Contract—Evidence—Estoppel.**

> When one contracts to work for another at $100 per month, and is paid said sum, giving receipts in full each month, the evidence of such receipts tends to show that the compensation named therein was the same as agreed upon in the contract, and in the absence of other evidence constitutes an estoppel to demand more than said amount.

### APPEAL FROM FAYETTE CIRCUIT COURT.

November 26, 1877.

OPINION BY JUDGE PRYOR:

There is some difficulty in determining the nature of the contract that appellee says he made with the agent of the appellant. That $100 per month was the sum agreed upon by the parties is clear, but whether the additional $25 was a part consideration of the undertaking by the appellee, or was intended to be a mere gratuity in the event the services of the appellee proved satisfactory, to be paid or not at the option of the employer, is involved in doubt. The appellee says that he was to take the agency at $100 per month, and if he gave satisfaction at the end of three months he was to have $125 per month. The appellant may have concluded at the expiration of the three months that the services rendered were worth only the $100, and for the manner in which the agent discharged his duties

it could afford to pay him that much, and no more; in other words it was complete as a contract so far as the payment of the $100 was concerned, but as to the payment of the additional $25 it was a mere gratuity, or the minds of the parties were to again meet in order to determine whether the one would give and the other receive.

The proof in this case conduces to show that the agent with whom the contract was made, as well as the appellee, only regarded an increase of salary as voluntary with the appellant, and not a binding contract between them. The appellee is continually applying to the agent to have his salary increased, "as you promised it should be given me." "I think I am entitled to $25." In answer to this letter or similar letters the agent writes that "as often as you (Milton) brought this matter up, so often have I done what I could to have your pay increased to the amount you asked for. It has been no fault of mine that it has not been done. That $125 per month was promised you has been the reason that I have always fought for your getting it." The letter of the appellee and the response filed by the agent indicate clearly that it was merely an effort by the agent to have the salary increased by reason of the promise made at the time the appellee entered upon his duties at $100 per month, and that both the appellee and agent regarded it as a voluntary matter with the company. The company is never applied to by the appellee, and the right to the $25 additional pay asserted as part of the contract, but the agent is in effect asked to intercede in behalf of the appellee, upon the idea that the agent had suggested, if he did well, the pay would be increased.

There is no proof in the case showing any knowledge on the part of the company that the promise had been made by the agent, and certainly no evidence that the company regarded it as a part of the contract. Prior to April, 1873, the agent wrote to the appellee that he had done all he could to have his salary increased, and in April, 1873, the appellee again writes that he honestly believes that the promised increase of $25 per month is his due, and is informed in response by the agent that no increase will be made. So long before April, 1873, he had been informed by the agent of the company that he could accomplish nothing, and he had no certain knowledge on this point, from the fact that the company for more than two years, at the end of each month for near two years, only paid him $100 at the end of each month. No application had been made to any chief officer of the company by the appellee to know why the contract was

not complied with, and the company is ignorant of the alleged contract to pay.

The appellee knew that the agent's intercessions had not been heeded, and was in effect notified by the company after this alleged contract is said to have been made, as often as nineteen times, that his salary would not be increased. The company paid him at the end of each month for nineteen months the salary of $100 per month. The money was received at the end of each month and a receipt in full executed by him to the company. This is evidence conclusive of the fact that no such contract existed, or rather that the increase of salary was merely optional with the appellant and was never regarded as constituting a part of the contract between the parties.

If, however, the construction is given the contract which is placed upon it by the appellee, and was made by one authorized to make it, when the party claiming under it receipts at the end of each month to his employer for the sum of $100 in full for services rendered each month, is not a court compelled to adjudge either that some change had been made in the contract, or that the parties, in determining the value of the services at the expiration of the three months, had agreed the one to give and the other to accept $100 per month for the services rendered? The law, no doubt, will permit a party to explain why a receipt was given, and by parol to show that it was for a different purpose from that expressed on its face, and regarding the receipts as matters of evidence only, when a party undertakes to explain away the effect of written receipts, executed for the same purpose and evidencing the same fact, it constitutes such a mass of testimony as is not susceptible of explanation by the circumstances surrounding this case, and may be said to work an estoppel.

Looking alone to the testimony offered by the appellee the peremptory instructions should have been given. The judgment is *reversed* and cause remanded with directions to award a new trial and for further proceedings.

*Breckinridge & Shelby, for appellant.*

*Morton & Parker, for appellee.*